**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SHAWN WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VIRTUSA CORPORATION, KRIS ) <br> CANEKERATNE, IZHAR ARMONY, ) <br> JOSEPH DOODY, DEBORAH C. ) <br> HOPKINS, ROWLAND T. MORIARTY, ) <br> BARRY R. NEARHOS, ABIDALI ) <br> NEEMUCHWALA, WILLIAM K. O'BRIEN, ) <br> VIRKAM S. PANDIT, and AL-NOOR ) <br> RAMJI, ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on September 10, 2020 (the "Proposed Transaction"), pursuant to which Virtusa Corporation ("Virtusa" or the "Company") will be acquired by affiliates of Baring Private Equity Asia Pte. Limited.

2. On September 9, 2020, Virtusa's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Austin HoldCo Inc. ("Parent") and Austin BidCo Inc. ("Merger Sub," and together with Parent, "Austin"). Pursuant to the terms of the Merger Agreement, Virtusa's stockholders will receive $51.35 in cash for each share of Virtusa common stock they own.

3. On October 7, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Virtusa common stock.

9. Defendant Virtusa is a Delaware corporation and maintains its principal executive offices at 132 Turnpike Road, Southborough, Massachusetts 01772. Virtusa's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "VRTU."

10. Defendant Kris Canekeratne is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Izhar Armony is a director of the Company.

12. Defendant Joseph Doody is a director of the Company.

13. Defendant Deborah C. Hopkins is a director of the Company.

14. Defendant Rowland T. Moriarty is a director of the Company.

15. Defendant Barry R. Nearhos is a director of the Company.

16. Defendant Abidali Neemuchwala is a director of the Company.

17. Defendant William K. O'Brien is a director of the Company.

18. Defendant Vikram S. Pandit is a director of the Company.

19. Defendant Al-Noor Ramji is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Virtusa is a leading provider of digital business strategy, digital engineering, and information technology services and solutions that enable the digital transformation of Global 2000 enterprises by building and implementing end-to-end technology solutions.

22. The Company partners with the leading companies in the Banking, Financial Services, Insurance, Healthcare, Communications, Media, Entertainment, Travel, Manufacturing, and Technology industries.

23. On September 9, 2020, Virtusa's Board caused the Company to enter into the Merger Agreement with Austin.

24. Pursuant to the terms of the Merger Agreement, Virtusa's stockholders will receive $51.35 in cash for each share of Virtusa common stock they own.

25. According to the press release announcing the Proposed Transaction:

Baring Private Equity Asia ("BPEA"), one of the largest and most established private alternative investment firms in Asia, and Virtusa Corporation (NASDAQ GS: VRTU) ("Virtusa" or the "Company"), a global provider of digital strategy, digital engineering, and IT services and solutions that help clients change and disrupt markets through innovation engineering, today announced the companies have entered into a definitive merger agreement under which funds affiliated with BPEA will acquire all outstanding shares of common stock of Virtusa for $51.35 per share in an all-cash transaction valued at approximately $2.0 billion. . . .

Approvals and Timing

The transaction, which is expected to close in the first half of 2021, is subject to the approval of Virtusa's shareholders, customary regulatory requirements, including approval from The Committee on Foreign Investment in the United States (CFIUS), and customary closing conditions. The transaction is not subject to a financing condition.

The Orogen Group ("Orogen"), which holds 108,000 shares of Virtusa Convertible Preferred Stock and whose CEO is Vikram Pandit, an independent member of the Board, has entered into a voting agreement under which it has agreed to vote all of Orogen's Convertible Preferred Stock in favor of the transaction. Orogen's shares of preferred stock are convertible into 3,000,000 shares of Virtusa common stock and represent approximately 10 percent of the voting power in the Company. The directors and executive officers of Virtusa have also entered into this voting agreement, and hold an additional approximate 5.7 percent of the voting power of the Company.

Advisors

J.P. Morgan Securities and Citi acted as financial advisors and Goodwin Procter LLP acted as legal counsel to Virtusa. BofA Securities is serving as financial advisor to BPEA and Ropes & Gray LLP is acting as legal counsel to BPEA.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

26. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

27. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

28. First, the Proxy Statement omits material information regarding the Company's financial projections.

29. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate Non-GAAP Income from Operations, Adjusted EBITDA, Adjusted EBIT, and Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, J.P. Morgan Securities LLC ("JPM").

32. With respect to JPM's Public Trading Multiples analysis, the Proxy Statement fails to disclose JPM's basis for selecting a multiple reference range of 9.5x-10.5x for FV/CY 2021E Adjusted EBITDA and 15.5x-17.0x for the Company's P/CY 2021E EPS.

33. With respect to JPM's Selected Transaction Analysis, the Proxy Statement fails to disclose JPM's basis for applying an FV/LTM Adjusted EBITDA multiple range of 11.0x-16.0x to the Company's Adjusted EBITDA and an FV/NTM Adjusted EBITDA multiple range 9.5x-14.0x to the Company's Adjusted EBITDA.

34. With respect to J.P. Morgan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) all line items used to calculate unlevered free cash flow; (ii) the terminal values

for the Company; (iii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 10.0%; and (iv) the individual inputs and assumptions underlying the perpetuity growth rates ranging from 2.5% to 3.5%.

35. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. Third, the Proxy Statement fails to disclose the reasons the Individual Defendants engaged a second financial advisor, Citigroup Global Markets Inc., in connection with the process leading up to the execution of the Merger Agreement

37. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

38. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Virtusa**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Virtusa is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

45. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Virtusa within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Virtusa and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the

power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: October 15, 2020　　　　　　　　　　**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*